UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CASSANDRA POWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:13-CV-01334 |
| | ) | |
| U.S. BANK, N.A., | ) | Judge Trauger/Bryant |
| | ) | |
| Defendant, | ) | |

TO: **The Honorable Aleta A. Trauger**

## REPORT AND RECOMMENDATION

Defendant U.S. Bank has filed a motion to dismiss the Complaint filed by Plaintiff Cassandra Powers pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff Powers, proceeding pro se, has alleged fraud by intentional and/or negligent misrepresentation, failure to comply with the notice requirements of T.C.A. § 35-5-101, and failure to comply with 12 U.S.C. § 5219 related to a disputed foreclosure sale. The Plaintiff has not filed a response to the Defendant's motion to dismiss.

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." LULAC v. Bredesen,

500 F.3d 523, 527 (6th Cir. 2007).  Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint may be dismissed, therefore, when it fails to contain sufficient factual allegations to raise a "right to relief above the speculative level."  Twombly, 550 U.S. at 555.

The Plaintiff's failure to respond to the Defendant's motion to dismiss does not alter the standard of review, nor does it allow for dismissal without undertaking such review.  Carver v. Bunch, 946 F.2d 451 (6th Cir. 1991).

## Statement of the Facts

Plaintiff's allegations in her complaint, assumed to be true for the purposes of this motion to dismiss, may be summarized as follows:

On or about August 31, 2009, Volunteer Trust Mortgage made a loan to Plaintiff in the original principal amount of $116,745.00.  Complaint ¶ 6.  This indebtedness was secured by real property located at 109 Pintail Court, Murfreesboro, Tennessee 37130, pursuant to a deed of trust executed by Plaintiff on the same date.  *Id.*  Volunteer Trust Mortgage subsequently assigned the mortgage to U.S. Bank.  Complaint ¶ 7.

Plaintiff began having difficulty making her mortgage payments to U.S. Bank as a result of financial hardship.  Complaint ¶ 8.  As a result, in December 2012, Plaintiff attempted to apply for loan modification review under the Home Affordable Modification Program ("HAMP"). Complaint ¶ 9.  Plaintiff claims she was informed during this time period to cease making payments on her loan with U.S. Bank.  *Id.*  Plaintiff was later denied approval for a home loan modification under HAMP for failure to return requested information, but maintains that

2

she in fact did comply with all such requests. Complaint ¶¶ 10, 12.

On May 24, 2013, Plaintiff received notice that the Property would be sold by foreclosure sale on July 9, 2013. Complaint ¶ 13. On May 28, 2013, Plaintiff received correspondence from U.S. Bank requesting that she provide information for HAMP review. Complaint ¶ 14. After receiving this letter, Plaintiff contacted U.S. Bank's foreclosure counsel and claims she was told that the foreclosure sale would be held in Davidson County, Tennessee. Complaint ¶ 15. When the Plaintiff attempted to attend the sale on July 9, 2013, she learned that it would in fact be held in Rutherford County, Tennessee. Complaint ¶ 16. While driving to Rutherford County, Plaintiff called U.S. Bank and claims she was informed by "Bruce" that he would stop the foreclosure sale and reinstate the HAMP modification. Complaint ¶ 17. Upon arrival in Rutherford County, she was informed by foreclosure counsel that the sale had not occurred. Complaint ¶ 18.

On July 11, 2013, Plaintiff received notification that the Property was sold at foreclosure on July 9, 2013, to U.S. Bank. Complaint ¶ 20. The Substitute Trustee's Deed, attached to Plaintiff's Complaint, evidences that the Property was sold to U.S. Bank for $81,120.00 at 10:15 A.M. on Tuesday, July 9, 2013 at the Old Rutherford County Courthouse. Complaint ¶ 21-22, Exhibit A.

On July 31, 2013, U.S. Bank filed a detainer warrant in the General Sessions Court of Rutherford County, Case No. CV-222948 (the "detainer action"). Complaint ¶ 23. Plaintiff attended the hearing on the Detainer Action on September 25, 2013, but claims the case was never called. Complaint ¶ 25. At the hearing, the General Sessions Court entered an order granting judgment for possession of the property to U.S. Bank. Id. Plaintiff did not file a notice

of appeal or an appeal bond in the General Sessions case, instead filing the present case in the Circuit Court for Rutherford County, Tennessee on October 4, 2013.

Plaintiff's complaint contains four counts against U.S. Bank, all of which relate to the foreclosure on the property: (1) fraud, intentional misrepresentation, and/or negligent misrepresentation; (2) failure to comply with notice requirements in Tennessee's foreclosure statute; (3) failure to comply with HAMP; and (4) request for temporary restraining order. Complaint ¶¶ 26-51. Plaintiff's request for a temporary restraining order was denied by the Circuit Court for Rutherford County on October 7, 2013, and Plaintiff's counsel was granted leave to withdraw by the Circuit Court for Rutherford County on November 22, 2013. Doc. No. 1-1 at 22; Doc. No. 7-1.

U.S. Bank removed the case to this Court on November 27, 2013, on the basis of diversity jurisdiction. Doc. No. 1. The instant motion to dismiss was filed December 18, 2013. Doc. No. 12.

## Analysis

The factual allegations of a complaint plainly cannot show entitlement to relief where the claims upon those facts are barred by the doctrine of res judicata. See Wunderle v. Central Trust Co., 1987 WL 44885 (6th Cir. Sept. 25, 1987). As federal courts "must give the same preclusive effect, under the doctrines of res judicata and collateral estoppel, to state court judgments that those judgments would receive in the rendering state," Plaintiff's claim may be precluded by a state judgment if Tennessee law would give that judgment preclusive effect. Ingram v. City of Columbus, 185 F.3d 579, 593 (6th Cir. 1999).

Under Tennessee law, Plaintiff's failure to appeal the judgment in the detainer action

4

makes that decision final, and immune to collateral attack. "A judgment of a court of competent jurisdiction is binding and conclusive on the parties and their privies until vacated or reversed on a direct proceeding for review, and is not subject to collateral attack." Carter v. Townsend, 1991 WL 268355, at *1 (Tenn. Ct. App. Dec. 18, 1991) (citing Francioli v. Podesta, 134 S.W.2d 162, 165 (Tenn. 1939)). This understanding of res judicata applies with equal weight to decisions of the General Sessions court. Clay v. Barrington Motor Sales, Inc., 832 S.W.2d 33 (Tenn. Ct. App. 1992).

Because both the current action and the detainer action involve claims "aris[ing] out of the same transaction or a series of connected transactions"–in this case the foreclosure of Plaintiff's property–Tennessee's preclusion laws bar Plaintiff from raising these additional claims in federal court. Creech v. Addington, 281 S.W.3d 363, 381 (Tenn. 2009). See also Davis v. Williams, 2011 WL 335069 (Tenn. Ct. App. Jan. 31, 2011) (when a lender's right of possession stems from the acquisition of property at a foreclosure sale, then entry of final judgment in an unlawful detainer action bars a later, separate claim over the validity of the foreclosure); Boyce v. LPP Mortgage, Ltd., 2013 WL 6118414, at *4-9 (Tenn. Ct. App. Nov. 20, 2013) (same holding); Foster v. Fannie Mae, 2013 WL 3961193, at *2-5 (Tenn. Ct. App. July 31, 2013) (same holding).

This court held as much in Lawlor v. Suntrust Mortgage, Inc., 2013 WL 4431319 (M.D. Tenn. Aug. 15, 2013). The plaintiff in that case raised identical claims in federal court stemming from a disputed detainer action in General Sessions court. Finding that the General Sessions court was a "court of competent jurisdiction," this court found that a decision by the General Sessions court could be considered as "final and on the merits" for preclusion purposes. Id. at

5

*5. Thus, because the federal claims "ar[o]se from the same acts and incidents as the prior General Sessions court action," this court held that "res judicata bar[red] Plaintiffs' claims." Id. at *6.

As Plaintiff's claims have been precluded by the prior detainer action, the undersigned Magistrate Judge finds that the Complaint does not state a claim upon which relief may be granted. Therefore, dismissal of the Complaint against Defendant U.S. Bank is appropriate.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Defendant U.S. Bank's motion to dismiss be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed to this Report in which to file responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), rehearing denied, 474 U.S. 1111 (1986).

**ENTERED** this 7th day of July, 2014.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge
